## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| Pacific Sunwear of California, Inc., | Case No.: 16-10882 (___) |
| Debtor. [1] | |
| In re | Chapter 11 |
| Miraloma Borrower Corporation, | Case No.: 16-10881 (___) |
| Debtor. | |
| In re | Chapter 11 |
| Pacific Sunwear Stores Corp., | Case No.: 16-10883 (___) |
| Debtor. | |

## DEBTORS' MOTION FOR ENTRY OF AN ORDER AUTHORIZING AND DIRECTING THE JOINT ADMINISTRATION OF RELATED CHAPTER 11 CASES FOR  PROCEDURAL PURPOSES ONLY

Pacific Sunwear of California, Inc. ("PacSun"), Miraloma Borrower Corporation ("Miraloma"), and Pacific Sunwear Stores Corp. ("PacSun Stores"), the debtors and debtors in possession (the "Debtors") in the above-captioned chapter 11 cases (the "Cases"), hereby move the Court (the "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A**, pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"),

---

[1]    The Debtors and the last four digits of their respective federal taxpayer identification numbers are as follows: Pacific Sunwear of California, Inc. (9463-CA); Miraloma Borrower Corporation (0381-Del.); and Pacific Sunwear Stores Corp. (5792-CA).  The Debtors' address is 3450 East Miraloma Avenue, Anaheim, CA 92806.

authorizing and directing the joint administration of the Debtors' related chapter 11 Cases for procedural purposes only.  In support of the Motion, the Debtors rely on the *Declaration of Gary H. Schoenfeld in Support of First Day Motions* (the "Schoenfeld Declaration") and the *Declaration of Chris Tedford in Support of First Day Motions* (the "Tedford Declaration") concurrently filed herewith.  In further support of the Motion, the Debtors respectfully represent as follows:

## I. JURISDICTION

1.      The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over these Cases and the Motion pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012.  This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  Venue of these Cases and the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

2.      Pursuant to Rule 9013-1(f) of the Local Rules, the Debtors consent to the Court's entry of a final judgment or order with respect to the Motion if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

3.      The statutory and legal predicates for the relief requested herein are section 105(a) of the Bankruptcy Code, Bankruptcy Rule 1015, and Local Rule 1015-1.

## II. BACKGROUND

4.      On the date hereof (the "Petition Date"), each of the Debtors commenced a voluntary case under chapter 11 of the Bankruptcy Code.

5.      The Debtors are authorized to continue to operate their business and manage their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

No trustee, examiner, or statutory committee has been appointed in these Cases by the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee").

6.      The Debtors are a leading specialty retail destination for men's and women's apparel, accessories, and footwear inspired by the unique and diverse influences of the California lifestyle.  Rooted in the action sports, fashion, and music heritage of California, the Debtors operate a retail and e-commerce business selling a combination of branded and proprietary casual merchandise designed to appeal to teens and young adults.  Through their retail store business, the Debtors operate approximately 593 retail locations nationwide under the names "Pacific Sunwear" and "PacSun," which stores are principally in mall locations.  Through their e-commerce business, the Debtors operate an e-commerce site at www.pacsun.com.

7.      The continuing fundamental shift in consumer behavior away from traditional mall shopping toward online-only stores and increased competition throughout the specialty retail fashion industry have created a difficult operating environment for many traditional mall-based fashion retailers such as the Debtors.  Indeed, over the past two years, several retailers in this sector, including American Apparel, Inc., Quiksilver, Inc., Caché Inc., The Wet Seal, Inc., Deb Stores, dELiA*s, Inc., and Body Central Corp., filed for bankruptcy protection or were otherwise liquidating.  In addition to this industry-wide weakness, in the Debtors' case, the Debtors' financial performance was further adversely impacted by certain strategies implemented by prior management, including, among other things: (i) shifts away from key brand partners and merchandise that had previously fueled the Debtors' growth, (ii) a rapid expansion to nearly 1,000 stores that created too large a store footprint, and (iii) ventures into non-core business extensions that were ultimately not profitable.

8.      In the second quarter of 2009, Gary H. Schoenfeld was hired as PacSun's new Chief Executive Officer and promptly assembled a new and capable management team.  Mr. Schoenfeld and the new management team began the process of repositioning the Debtors as a leading destination for the most coveted brands in the California lifestyle market.  Among other things, Mr. Schoenfeld and his management team (i) repaired and cultivated relationships with key brands; (ii) supplemented name-brands with stylish lower-cost proprietary offerings; (iii) reintroduced sales of sneakers; and (iv) rationalized the Debtors' store fleet by undertaking a major initiative to close underperforming stores.  Implementation of this strategic vision successfully stabilized the Debtors' business, resulting in a strong customer base, an attractive assortment of merchandise, and positive same store sales in 13 of the last 16 quarters through the end of fiscal year 2015, outperforming the vast majority of the Debtors' peers.  Nevertheless, the Debtors' maturing capital structure and high store occupancy costs have proved untenable.

9.      Recognizing these challenges, the Debtors, along with their advisors, explored strategic alternatives and determined that it would not be possible to effect a transaction without a mechanism to allow the Debtors to significantly reduce store occupancy costs and restructure their balance sheet.  Accordingly, the Debtors focused on obtaining debtor-in-possession financing and developing a viable exit strategy to enhance value by enabling the Debtors to continue as a going concern and emerge from bankruptcy with substantially lower store occupancy costs and significantly less debt.  The Debtors intend to utilize the bankruptcy process to restructure their maturing capital structure and substantially reduce store occupancy costs, thereby allowing the reorganized Debtors to continue to execute the operational and strategic turnaround that the Debtors' management team has implemented.

10.     To meet their objectives, the Debtors and Wells Fargo Bank, National Association (the "DIP Agent" and "ABL Agent") agreed on that certain Debtor-in-Possession Credit Agreement, dated as of April 7, 2016, that provides for a senior secured, super-priority credit facility (the "DIP Facility") of up to $100 million, which should provide the Debtors with sufficient runway to navigate through the reorganization process.  In addition, the Debtors filed these Cases with a fully-negotiated Restructuring Support Agreement (the "RSA") and plan of reorganization (the "Plan"), pursuant to which PS Holdings of Delaware, LLC - Series A and PS Holdings of Delaware, LLC - Series B, in their capacity as lenders (the "Term Loan Lenders") under that certain Credit Agreement dated as of December 7, 2011 (the "Term Loan Credit Agreement"), will convert a portion of their debt into 100% of the equity interests of Reorganized PacSun, with the remaining portion of debt being converted into a new term loan. Pursuant to the RSA and the Plan, the Debtors' investment banker will seek a higher and better alternative through a marketing process.

11.     The detailed factual background relating to the Debtors and the commencement of these Cases is set forth in the Schoenfeld Declaration and the Tedford Declaration.

### III.  RELIEF REQUESTED

12.     By this Motion, the Debtors seek entry of an order authorizing and directing the joint administration of their Cases for procedural purposes only.  The Debtors also request that the caption of their Cases be modified to reflect their joint administration as follows:

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| PACIFIC SUNWEAR OF CALIFORNIA, INC., a California corporation, *et al.*,[1] | Case No.: 16-10882 (___) |
| Debtors. | (Jointly Administered) |

---

[1]   The Debtors and the last four digits of their respective federal taxpayer identification numbers are as follows: Pacific Sunwear of California, Inc. (9463-CA); Miraloma Borrower Corporation (0381-Del.); and Pacific Sunwear Stores Corp. (5792-CA).  The Debtors' address is 3450 East Miraloma Avenue, Anaheim, CA 92806.

13.    In addition, the Debtors request that the Court establish a joint docket and file for these Cases, and direct the clerk of the Court (the "Clerk") to make a notation substantially similar to the following on the docket of each Debtor:

> An order (the "Joint Administration Order") has been entered in this case directing the joint administration of the chapter 11 cases of Pacific Sunwear of California, Inc., Miraloma Borrower Corporation, and Pacific Sunwear Stores Corp., and all subsequently filed chapter 11 cases of such debtors' affiliates. The docket in the chapter 11 case of Pacific Sunwear of California, Inc., Case No. 16-10882 (___) should be consulted for all matters affecting this case.

14.    Finally, the Debtors request that the Court permit use of a combined service list and combined notices.

## IV.  BASIS FOR RELIEF

15.    Bankruptcy Rule 1015(b) provides that if two or more petitions are pending in the same court by or against a debtor and an affiliate, joint administration is permissible.  *See* Fed. R. Bankr. P. 1015(b).  Additionally, Local Rule 1015-1 permits entry of such an order without notice or a hearing if the Debtors demonstrate that such treatment is warranted.

16.     Bankruptcy Rule 1015 promotes the efficient and economical administration of affiliated debtors' related cases, while also ensuring that individual creditors' rights are not unduly prejudiced.  *See In re Brookhollow Assocs.*, 435 F. Supp. 763, 766 (D. Mass. 1977) (joint administration "help[s] the bankruptcy court to administer economically and efficiently different estates with substantial interests in common"), *aff'd*, 575 F.2d 1003 (1st Cir. 1978); *In re Parkway Calabasas, Ltd.*, 89 B.R. 832, 836 (Bankr. C.D. Cal. 1988) ("The purpose of joint administration is to make case administration easier and less expensive than in separate cases, without affecting the substantive rights of creditors ….").  As stated in the Official Committee Note to Bankruptcy Rule 1015, joint administration expedites cases and reduces their overall cost:

> Joint administration as distinguished from consolidation may include combining the estates by using a single docket for the matters occurring in the administration, including the listing of filed claims, the combining of notices to creditors of the different estates, and the joint handling of other purely administrative matters that may aid in expediting the cases and rendering the process less costly.

Fed. R. Bankr. P. 1015 (Committee Note, ¶ 4).

17.     Joint administration is warranted in these Cases because (i) the Debtors' financial affairs and business operations are closely related, and (ii) joint administration will ease the administrative burden on the Court and other parties.

18.     Debtor PacSun is the sole shareholder of Debtors Miraloma and PacSun Stores. As a result, joint administration will prevent duplicative efforts and unnecessary expenses, without any risk of prejudice to creditors, because the relief sought herein does not seek to consolidate the Debtors for substantive purposes.  *See, e.g.*, *In re Ultura (LA) Inc.*, Case No. 14-12383 (KG) (Bankr. D. Del. Oct. 23, 2014) (Docket No. 4) (jointly administering the cases of 2 affiliated debtor entities); *In re Conexant Sys., Inc.*, Case No. 13-10367 (MFW) (Bankr. D. Del.

Mar. 1, 2013) (Docket No. 38) (jointly administering the cases of 5 affiliated debtor entities); *In re LCI Holding Co.*, Case No. 12-13319 (KG) (Bankr. D. Del. Dec. 13, 2012) (Docket No. 58) (jointly administering the cases of 35 affiliated debtor entities); *In re Visteon Corp.*, Case No. 09-11786 (CSS) (Bankr. D. Del. May 29, 2009) (Docket No. 78) (jointly administering the cases of 31 affiliated debtor entities); *In re Source Interlink Cos.*, Case No. 09-11424 (KG) (Bankr. D. Del. Apr. 29, 2009) (Docket No. 49) (jointly administering the cases of 18 affiliated debtor entities).

19.     With three affiliated debtors, each with its own case docket, administering these Cases separately would result in duplicative pleadings, notices, and orders filed and served upon separate service lists.  This unnecessary duplication would be costly for the estates and would not create any counterbalancing benefit for creditors.

20.     Separate administration would also tax the estates' administration, diverting valuable resources away from substantive issues.  In contrast, joint administration will permit the Clerk to use a single general docket for each of the Cases and to combine notices to creditors and other parties in interest of the Debtors' respective estates, eliminating the confusion and waste that would be caused by separate administration.

21.     Finally, separate administration of these Cases may confuse creditors.  By jointly administering the estates, creditors and other parties in interest will receive notice of all matters involving all of the entities that are required to be served on such parties, thereby ensuring that creditors and other parties in interest are fully informed of all matters potentially affecting their claims.  Further, using a simplified caption page for all pleadings will eliminate cumbersome pleadings and ensure a uniformity of pleading identification.

22.     The Debtors request that the official caption to be used by all parties in all pleadings in the jointly administered Cases be in the form set forth in paragraph 12 of this Motion.  The Debtors submit that use of the simplified caption will eliminate cumbersome and confusing procedures and ensure a uniformity of pleading identification.

23.     The relief requested herein is purely procedural and does not effectuate substantive consolidation of the Debtors' estates.   Joint administration and substantive consolidation differ significantly.  In substantive consolidation, assets and liabilities are pooled, and generally, the separate entities' creditors share pro rata in the estates' aggregate net value. *See, e.g.*, *In re Owens Corning*, 419 F.3d 195, 205 (3d Cir. 2005); *In re Standard Brands Paint Co.*, 154 B.R. 563, 569 (Bankr. C.D. Cal. 1993); *In re I.R.C.C., Inc.*, 105 B.R. 237, 241 (Bankr. S.D.N.Y. 1989).   Joint administration, however, is merely procedural; it has no impact on creditors' substantive rights.  *See In re H.H. Distribs., L.P.*, 400 B.R. 44, 53 n.15 (Bankr. E.D. Pa. 2009); *In re Toland*, 346 B.R. 444, 449 (Bankr. N.D. Ohio 2006); *In re Blair*, 226 B.R. 502, 505 (Bankr. D. Me. 1998); *In re N.S. Garrott & Son*s, 63 B.R. 189, 191 (Bankr. E.D. Ark. 1986). Thus, there will be no material prejudice to creditors or other parties in interest if these estates are jointly administered.  Indeed, the interests of all creditors will be served by the reduction in costs and administrative burdens resulting from joint administration.

## V.  NOTICE

24.     The Debtors will provide notice of this Motion to: (i) the U.S. Trustee; (ii) holders of the forty (40) largest unsecured claims on a consolidated basis against the Debtors; (iii) the ABL Agent and DIP Agent; (iv) the Term Loan Lenders; and (v) all parties who have filed a notice of appearance and request for service of papers pursuant to Bankruptcy Rule 2002.  As this Motion is seeking "first day" relief, within two business days of the hearing on this Motion, the Debtors will serve copies of this Motion and any order entered in respect to this Motion as

required by Local Rule 9013-1(m).   In light of the nature of the relief requested herein, the

Debtors submit that no other or further notice is necessary.


[*Remainder of page intentionally left blank*]

## VI.  CONCLUSION

WHEREFORE, for the reasons set forth herein and in the Schoenfeld Declaration and the

Tedford Declaration, the Debtors respectfully request that this Court enter an order, substantially

in the form attached hereto as **Exhibit A**, granting the relief requested in the Motion and such

other and further relief as is just and proper.


Dated:  April 7, 2016                                         /s/ Michael R. Nestor

Michael R. Nestor, Esq. (Bar No. 3526)
Joseph M. Barry, Esq. (Bar No. 4221)
Maris J. Kandestin, Esq. (Bar No. 5294)
Shane M. Reil, Esq. (Bar No. 6195)
YOUNG CONAWAY STARGATT & TAYLOR, LLP
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Tel:    (302) 571-6600
Fax:    (302) 571-1253
Email: mnestor@ycst.com
          jbarry@ycst.com
          mkandestin@ycst.com
          sreil@ycst.com

and

Michael L. Tuchin, Esq.
David M. Guess, Esq.
Jonathan M. Weiss, Esq.
Sasha M. Gurvitz, Esq.
KLEE, TUCHIN, BOGDANOFF & STERN  LLP
1999 Avenue of the Stars, 39th Floor
Los Angeles, CA 90067
Tel:    (310) 407-4029
Fax:    (310) 407-9090
Email: mtuchin@ktbslaw.com
          dguess@ktbslaw.com
          jweiss@ktbslaw.com
          sgurvitz@ktbslaw.com

# **EXHIBIT A**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | Chapter 11 |
| Pacific Sunwear of California, Inc., | Case No.:  16-10882 (____) |
| Debtor. [1] | |
| In re | Chapter 11 |
| Miraloma Borrower Corporation, | Case No.:  16-10881 (____) |
| Debtor. | |
| In re | Chapter 11 |
| Pacific Sunwear Stores Corp., | Case No.:  16-10883 (____) |
| Debtor. | |
| | **Re Docket No.** |

**ORDER AUTHORIZING AND DIRECTING THE JOINT ADMINISTRATION OF**
**RELATED CHAPTER 11 CASES FOR  PROCEDURAL PURPOSES ONLY**

Upon the motion (the "Motion")[2] of Pacific Sunwear of California, Inc. and its

subsidiaries, the debtors and debtors in possession (the "Debtors") in the above-captioned

chapter 11 cases (the "Cases"), for entry of an order, pursuant to Rule 1015(b) of the Federal

Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 1015-1 of the Local Rules for

the United States Bankruptcy Court for the District of Delaware  ("Local Rules"), authorizing

and directing the joint administration of the Debtors' related chapter 11 Cases for procedural

purposes only; and upon consideration of the Schoenfeld Declaration and the Tedford

---

[1]    The Debtors and the last four digits of their respective federal taxpayer identification numbers are as follows:
Pacific Sunwear of California, Inc. (9463-CA); Miraloma Borrower Corporation (0381-Del.); and Pacific
Sunwear Stores Corp. (5792-CA).  The Debtors' address is 3450 East Miraloma Avenue, Anaheim, CA 92806.

[2]    Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

Declaration and the record of these Cases; and it appearing that the Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 1334 and 157, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated February 29, 2012; and it appearing that the Motion is a core matter pursuant to 28 U.S.C. § 157(b)(2) and that the Court may enter a final order consistent with Article III of the United States Constitution; and it appearing that venue of these Cases and of the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that due and adequate notice of the Motion has been given under the circumstances, and that no other or further notice need be given; and it appearing that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and after due deliberation, and good and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

1.      The Motion is GRANTED, as set forth herein.

2.      The above-captioned chapter 11 Cases are hereby consolidated, for procedural purposes only, and shall be jointly administered by this Court.  Nothing contained in this Order shall be deemed or construed as directing or otherwise effecting a substantive consolidation of the above-captioned Cases.

3.      The caption of the jointly administered Cases shall read as follows:

|  |  |
|---|---|
| In re | Chapter 11 |
| PACIFIC SUNWEAR OF CALIFORNIA, INC., a California corporation, *et al.*,[1] | Case No.:  16-10882 (___) |
| Debtors. | (Jointly Administered) |

[1]    The Debtors and the last four digits of their respective federal taxpayer identification numbers are as follows: Pacific Sunwear of California, Inc. (9463-CA); Miraloma Borrower Corporation (0381-Del.); and Pacific Sunwear Stores Corp. (5792-CA).  The Debtors' address is 3450 East Miraloma Avenue, Anaheim, CA 92806.

4.    All original pleadings shall be captioned as set forth immediately above, and all original docket entries shall be made in the case of Pacific Sunwear of California, Inc., Case No. 16-10882 (___).

5.    The Clerk of this Court shall make a notation substantially similar to the following on the docket of each Debtor:

> An order (the "Joint Administration Order") has been entered in this case directing the joint administration of the chapter 11 cases of Pacific Sunwear of California, Inc., Miraloma Borrower Corporation, and Pacific Sunwear Stores Corp., and all subsequently filed chapter 11 cases of such debtors' affiliates.  The docket in the chapter 11 case of Pacific Sunwear of California, Inc., Case No. 16-10882 (___) should be consulted for all matters affecting this case.

6.    The Clerk of the Court shall maintain a single pleadings docket and file under the case number assigned to Pacific Sunwear of California, Inc., which shall be the pleadings docket and file for all of the Cases.

7.    This Order shall be without prejudice to the rights of the Debtors to seek entry of an order substantively consolidating their respective Cases.

3

8.      The Court retains jurisdiction and power with respect to all matters arising from or related to the implementation or interpretation of this Order.


Dated:  April ___, 2016
            Wilmington, Delaware

_____

United States Bankruptcy Judge